IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH R. KARSNER, IV<br>2294 Lighthouse Lane<br>Connolly Springs, North Carolina 28612<br><br>    Petitioner<br><br>v.<br><br>BEVERLY BARNHART<br>1212 Chesapeake Drive<br>Churchton, Maryland 20733<br><br><u>Serve on</u>:<br><br>William B. Young, Jr., Esq.<br>Colling, Gilbert, Wright & Carter<br>2301 Maitland Center Parkway, Suite 240<br>Maitland, Florida 32751<br><br>and<br><br>FINRA[1]<br>1735 K Street, N.W.<br>Washington, D.C. 20006<br><br>    Respondents | Civil Action No.: |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Joseph R. Karsner, IV ("Petitioner") by undersigned counsel hereby submits the following Petition to Confirm Arbitration Award and states as follows:

1.     Counsel for Respondent Barnhart has agreed to accept service for her and *does not* oppose this Petition.

---

[1] FINRA, the Financial Industry Regulatory Authority, was formerly known as the National Association of Securities Dealers ("NASD").

1

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000. *See* Exhibit 1.

3. The instant matter was originally a private arbitration action initiated by Respondent Barnhart against the Petitioner with the National Association of Securities Dealers ("NASD") in the District of Columbia. The action had the NASD Case Number 04-06795.[2]

4. The action was scheduled for an arbitration but was resolved prior to the arbitration.

5. After resolution of the case, the parties submitted a Stipulated Award to the NASD's own three-member arbitration panel overseeing this action.

6. In November of 2006, the NASD's own arbitration panel finalized the Stipulated Award, thereby granting all of the relief set forth therein, including an order of expungement. (*See* Stipulated Award at page 2, attached hereto as Exhibit 1.)

7. At present, no party or third party to the action has sought to modify or vacate this Stipulated Award.

8. Under NASD Rule 10330, any Stipulated Award "may be entered as a judgment in any court of competent jurisdiction." (*See* NASD Rule 10330.)

9. Section 9 of the Federal Arbitration Act, 9 USC §9, gives this Court the authority to confirm the Stipulated Award entered in this action and which is attached hereto.

---

[2] A number of lawsuits were filed against Respondent Karsner by disgruntled investors who later determined that that their claims against Karsner were without merit. This Court has already granted Respondent's Petition to Confirm a nearly identical Stipulated Award in the case styled *Karsner v. Lothian et al.*, Civil Action No.: 1:07-cv-00334 (RJL) and in the case styled *Karsner v. Simpson et al.*, Civil Action No.: 1:07-cv-378. Respondent will be filing a number of additional Petitions to Confirm Stipulated Awards where the NASD arbitration panels determined that the claims against Karsner were without merit and should be expunged from his securities record.

2

10.  The confirmation of an already-entered Stipulated Award is perfunctory, a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 159 (S.D.N.Y. 1990) (citing *Florasynth, Inc. v. Pockholz*, 750 F.2d 171 (2d Cir. 1984)).

11.  Indeed, the ability of a court to do anything other than confirm a Stipulated Award is strictly curtailed so as not to frustrate the reason for arbitration, namely the disposition of cases quickly and efficiently. *See Barbier*, at 159.

12.  In this case, all of the conditions precedent for a confirmation of the attached Stipulated Award are present.

13.  Both parties to this case agreed with all of the relief set forth in the Stipulated Award and the NASD's own three-member arbitration panel executed the Stipulated Award and agreed to all of the relief set forth therein.

14.  Further, no party moved to modify or vacate the attached Stipulated Award within the three month time period set forth in 9 U.S.C. §12.

15.  In light of the above, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

WHEREFORE, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

Respectfully submitted,

_____
George S. Mahaffey Jr., Esq. (#MD15083)
Jeffrey J. Hines, Esq. (#406090)

Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4993
(410) 783-4040

Richard J. Magid, Esq.
Whiteford, Taylor & Preston, LLP
7 Saint Paul Street
15th Floor
Baltimore, MD 21202-1697
(410) 347-8716

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th of November 2007, a copy of the foregoing was sent via first class mail to the following:

B.G. Brooks, Esquire
Terri Reicher, Esquire
FINRA
1735 K Street, N.W.
Washington, D.C. 20006
*Counsel for FINRA*

William B. Young, Jr., Esquire
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
*Counsel for the Respondent Barnhart*

George S. Mahaffey Jr.

902549

## Stipulated Award
### NASD Dispute Resolution

In the Matter of the Arbitration Between:

Name of the Claimant
Beverly R. Barnhart

Case Number: 04-06795

Names of the Respondents
Legacy Financial Services, Inc.
Joseph R. Karsner

Hearing Site: Washington, D.C.

Nature of the Dispute: Customer vs. Member and Associated Person.

### REPRESENTATION OF PARTIES

Claimant, Beverly R. Barnhart, hereinafter referred to as "Claimant", was represented by William B. Young, Esq. and Michael Lynch, Esq., Hooper & Weiss, LLC, Orlando, Florida.

Respondents, Legacy Financial Services, Inc. "Legacy Financial" and Joseph R. Karsner "Karsner", hereinafter collectively referred to as "Respondents", were represented by Christopher M. Corchiarino, Esq. and Jeffrey J. Hines, Esq., Goodell, Devries, Leech & Dann, LLP, Baltimore, Maryland.

### CASE INFORMATION

Statement of Claim filed on September 27, 2004.
Claimant signed the Uniform Submission Agreement on August 15, 2003.
Motion to Amend Statement of Claim and Amended Statement of Claim filed on March 30, 2005.
Claimant filed a Response to Respondents' Motion to Dismiss on December 8, 2004.

Motion to Dismiss filed by Respondents on December 6, 2004.
Respondents filed a Response to Claimant's Motion to Amend Statement of Claim on April 12, 2005.
Respondents filed a Reply in Support of their Motion to Dismiss on May 4, 2005.
Statement of Answer and Pre-Arbitration Brief in Support of Dismissal of Arbitration filed by Respondents on February 9, 2006.
Respondent Karsner signed the Uniform Submission Agreement on October 11, 2004.
A representative of Respondent Legacy Financial executed the Uniform Submission Agreement on December 7, 2004.

### CASE SUMMARY

Claimant, in the Statement of Claim and Amended Statement of Claim, asserted the following causes of action, among others: negligence, breach of contract, breach of fiduciary duty, *respondeat superior*, violation of NASD Rule 2110, failure to supervise, unsuitability,



NASD Dispute Resolution
Arbitration No. 04-06795
Stipulated Award Page 2

misrepresentation, fraudulent inducement, fraudulent concealment and common law fraud. The causes of action relate to the handling of Claimant's accounts by Respondents.

Unless specifically admitted in their Motion to Dismiss and Statement of Answer, Respondents denied the allegations made in the Statement of Claim and asserted the following defenses, among others: failure to state a claim upon which relief may be granted; failure to state a claim for fraud; unclean hands; failure to demonstrate punitive damages are applicable; *respondeat superior*; and claims are barred by the Maryland statutes of limitation.

### RELIEF REQUESTED

Claimant in her Statement of Claim requested:
- Compensatory Damages — $184,000.00
- Punitive Damages — amount unspecified
- Interest — amount unspecified
- Attorneys' Fees — amount unspecified
- Other Costs — amount unspecified

Respondents in the Motion to Dismiss and Statement of Answer requested that the Statement of Claim and Amended Statement of Claim be dismissed in their entirety.

### OTHER ISSUES CONSIDERED AND DECIDED

On May 6, 2005, the Arbitration Panel (the "Panel") granted Claimant's Motion to Amend Statement of Claim and denied Respondents' Motion to Dismiss.

The parties agreed that the Respondents are not liable for the counts listed in the Statement of Claim and Amended Statement of Claim, that the investments at issue were suitable and that the Stipulated Award for this matter may be executed in counter copies or that a handwritten, signed Award may be entered.

### AWARD

The parties entered into an agreement to present to the Panel a Stipulated Award. Upon motion of both parties for a Stipulated Award and Claimant's agreement, as a result of information and documents obtained during the discovery process, that all investments at issue were suitable and that the Respondents are not liable for any counts in the Statement of Claim and Amended Statement of Claim, the Panel finds that the claims, allegations, and information contained in the Statement of Claim and Amended Statement of Claim are clearly erroneous and that the Respondents were not involved in the alleged investment-related sales practice violations, and hereby grants the parties' motion and enters this award granting the following relief:

1. All claims against Respondent Legacy Financial and Respondent Karsner are dismissed with prejudice;

NASD Dispute Resolution
Arbitration No. 04-06795
Stipulated Award Page 3

2. The Panel recommends the expungement of all reference to the above-captioned arbitration from Respondent Karsner's registration records maintained by the Central Registration Depository ("CRD"), with the understanding that pursuant to NASD Notice to Members 04-16, Respondent Karsner must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive. Unless specifically waived in writing by the NASD, parties seeking judicial confirmation of an arbitration award containing expungement relief must name NASD as an additional party and serve NASD with all appropriate documents. Pursuant to Rule 2130, the arbitration panel has made the following affirmative findings of fact:

The claim, allegation, or information is factually impossible or clearly erroneous;

The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds;

3. The parties shall bear their respective costs, including attorneys' fees, except as Fees are specifically addressed below; and

4. Any and all relief not specifically addressed herein, including punitive damages, is denied in its entirety.

## FEES

Pursuant to the NASD Code of Arbitration Procedure (the "Code"), the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
Initial claim filing fee                                                        = $   300.00

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person(s) at the time of the events giving rise to the dispute. Accordingly, Respondent Legacy Financial is a party.
Member surcharge                                                                = $ 1,700.00
Pre-hearing process fee                                                         = $   750.00
Hearing process fee                                                             = $ 2,750.00
Total Member Fees                                                               = $ 5,200.00

**Three-Day Cancellation Fees**
Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

February 27, 2006 hearing settled by parties                                    = $   300.00

NASD Dispute Resolution
Arbitration No. 04-06795
Stipulated Award Page 4

1. The Panel has assessed $150.00 of the three-day cancellation fees to Claimant.
2. The Panel has assessed $150.00 of the three-day cancellation fees jointly and severally to Respondents.

**Forum Fees and Assessments**
The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Two (2) Pre-hearing sessions with the Panel @ $1,125.00 | | | = $ 2,250.00 |
| Pre-hearing conferences: | April 7, 2005 | 1 session | |
| | May 5, 2005 | 1 session | |
| Total Forum Fees | | | = $ 2,250.00 |

1. The Panel has assessed $1,125.00 of the forum fees to Claimant.
2. The Panel has assessed $1,125.00 of the forum fees jointly and severally to Respondents.

## FEE SUMMARY

1. Claimant is assessed and shall pay the following fees:

| | |
|---|---|
| Initial Filing Fee | = $ 300.00 |
| Three-Day Cancellation Fee | = $ 150.00 |
| Forum Fees | = $ 1,125.00 |
| Total Fees | = $ 1,575.00 |
| Less payments | = $ 1,425.00 |
| Balance Due NASD Dispute Resolution | = $ 150.00 |

2. Respondent Legacy Financial is assessed and shall pay the following fees:

| | |
|---|---|
| Member Fees | = $ 5,200.00 |
| Total Fees | = $ 5,200.00 |
| Less payments | = $ 5,200.00 |
| Balance Due NASD Dispute Resolution | = $ 0.00 |

3. Respondents are jointly and severally assessed and shall pay the following fees:

| | |
|---|---|
| Three-Day Cancellation Fee | = $ 150.00 |
| Forum Fees | = $ 1,125.00 |
| Total Fees | = $ 1,275.00 |
| Less payments | = $ 0.00 |
| Balance Due NASD Dispute Resolution | = $ 1,275.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 04-06795
Stipulated Award Page 5

## ARBITRATION PANEL

Thomas R. Kline, Esq.      -    Public Arbitrator, Presiding Chairperson
Gerald Scher, Esq.      -    Public Arbitrator, Panelist
William R. Brown      -    Non-Public Arbitrator, Panelist

**Concurring Arbitrators' Signatures**

_____/s/_____                                                                                                      Signature Date
Thomas R. Kline, Esq.
Public Arbitrator, Presiding Chairperson


_____/s/_____                                                                                   Signature Date
Gerald Scher, Esq.
Public Arbitrator, Panelist


_____/s/_____                                                                                   Signature Date
William R. Brown
Non-Public Arbitrator, Panelist


November 14, 2006
Date of Service (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 04-06795
Stipulated Award Page 5

## ARBITRATION PANEL

Thomas R. Kline, Esq.  — Public Arbitrator, Presiding Chairperson
Gerald Scher, Esq.     — Public Arbitrator, Panelist
William R. Brown       — Non-Public Arbitrator, Panelist

### Concurring Arbitrators' Signatures

_____          11/10/06
Thomas R. Kline, Esq.                    Signature Date
Public Arbitrator, Presiding Chairperson


_____          _____
Gerald Scher, Esq.                       Signature Date
Public Arbitrator, Panelist


_____          _____
William R. Brown                         Signature Date
Non-Public Arbitrator, Panelist


_____
Date of Service (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 04-06795
Stipulated Award Page 5

## ARBITRATION PANEL

Thomas R. Kline, Esq.          -    Public Arbitrator, Presiding Chairperson
Gerald Scher, Esq.             -    Public Arbitrator, Panelist
William R. Brown               -    Non-Public Arbitrator, Panelist

### Concurring Arbitrators' Signatures

_____                              _____
Thomas R. Kline, Esq.                                  Signature Date
Public Arbitrator, Presiding Chairperson


*[signature]*                                          10/13/06
_____                              _____
Gerald Scher, Esq.                                     Signature Date
Public Arbitrator, Panelist


_____                              _____
William R. Brown                                       Signature Date
Non-Public Arbitrator, Panelist


_____
Date of Service (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 04-06795
Stipulated Award Page 5

## ARBITRATION PANEL

Thomas R. Kline, Esq.        -    Public Arbitrator, Presiding Chairperson
Gerald Scher, Esq.           -    Public Arbitrator, Panelist
William R. Brown             -    Non-Public Arbitrator, Panelist

**Concurring Arbitrators' Signatures**

_____                                    _____
Thomas R. Kline, Esq.                                         Signature Date
Public Arbitrator, Presiding Chairperson


_____                                    _____
Gerald Scher, Esq.                                            Signature Date
Public Arbitrator, Panelist


*Wm R. Brown* (signed)                                        _____
William R. Brown                                              Signature Date
Non-Public Arbitrator, Panelist


_____
Date of Service (For NASD Dispute Resolution office use only)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

JOSEPH R. KARSNER, IV
2294 Lighthouse Lane
Connolly Springs, North Carolina 28612

### DEFENDANTS

BEVERLY BARNHART
1212 Chesapeake Drive
Churchton, Maryland 20733
FINRA
1735 K Street, N.W.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  F8888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

George S. Mahaffey Jr., Esq. (#MD15083)
Jeffrey J. Hines, Esq. (#406090)
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4993

### ATTORNEYS (IF KNOWN)

B.G. Brooks, Esquire
Terri Reicher, Esquire
FINRA
1735 K Street, N.W.
Washington, D.C. 20006
William B. Young, Jr., Esquire
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other) OR ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
9 USC 9

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE 11/5/7    SIGNATURE OF ATTORNEY OF RECORD [signature]

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.